IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**THOMAS LEE**

        **Plaintiff,**

**v.**                                    **CV 02-PT-1310-M**

**PROTECTIVE LIFE INSURANCE
COMPANY**

        **Defendant.**

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause comes on to be heard on stipulated facts. The court will not here recount all of the stipulated facts. The court, however, has considered all of the facts as stipulated.[1]

This is an ERISA benefits case, which, indisputably, is due to be decided by this court <u>de novo</u>. While the underlying facts are stipulated the inferences from those facts and the legal conclusions to be drawn are disputed.[2]

The plaintiff is an insured under a policy issued by the remaining defendant. The policy at issue is a disability policy. The pertinent provision of that policy is the following:

> An Employee...shall be considered totally disabled by bodily injuries, sickness or disease for purposes of the Insurance under this policy if: (1) during the first two years of any Period of Total Disbility, the Employee is unable to perform all the duties of his occupation; and (2) during continuation of the period of total disability beyond two years, the Employee is unable to engage in any business or occupation or to perform any work for compensation, gain or profit for which he is reasonably fitted by education, training or experience.

---

[1]The court suggested the possibility of appointing its own expert. Both sides rejected this proposal.

[2]In a brief, the defendant has stated: "Obviously, the plaintiff's own testimony is self-serving and should not be considered." This is "law" with which this court is not familiar.

The pertinent evidence in the case includes statements of plaintiff's treating physician, Dr. Webb Sledge; vocational expert William Crunk; Dr. Sharon Hogdin; Dr. Victor Roth; and Dr. Joseph Parchman. The court has also considered the statements of the plaintiff.

There is an obvious dispute between the conclusions of Dr. Sledge and the other physicians. Some of Dr. Sledge's statements are arguably conflicting. The Eleventh Circuit has held in the context of the Americans with Disability Act, that conclusory medical testimony, unsupported by facts relevant under the applicable legal standard, is not an appropriate basis for denying summary judgment. See 42 U.S.C. § 12102 (ADA definition of "disability"); Chanda v. Engelhand/ICC, 234 F.3d 1219, 1223 (11th Cir. 2000) (rejecting medical opinion unsupported by "specific facts describing [the] limitation"); Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1228 (11th Cir. 1999) (rejecting medical opinion because of "the absence of any specific facts which would substantiate [its] conclusion"). In any event, the statements of the other physicians are overwhelming and this court cannot find from a preponderance of the evidence that the plaintiff's condition meets the above quoted provisions of the policy. In so deciding, the court has considered the specialities of the reviewing physicians and the thoroughness of their reviews as compared to that of Dr. Sledge. The court further notes that, while Dr. Sledge's determination may have been entitled to deference when considered by the Social Security Administration, it is not entitled to such deference here. See Black & Decker Disability Plan v. Nord, No. 02-469, _____ U.S._____, 2003 WL 21210418 (2003). Further, it is not clear what opposing evidence, if any, was before the Social Security Administration.[3] The

---

[3]In a case applying de novo review, the Eleventh Circuit noted that a district court could consider an SSA disability determination, along with other evidence. See Kirwan v. Marriott Corp., 10 F.3d 784, 790 n.32 (11th Cir. 1994). The fact that an SSA determination should be considered of course does not make it controlling. See, e.g., Anderson v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local No. 12 Pension & Welfare Plans, 991 F.2d

court also notes that while the alleged triggering event occurred in 1996, the plaintiff continued to work until 1998.[4]

This the _____ day of June, 2003.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

356, 358-359 (7th Cir. 1993) (approving trustee's disagreement with Social Security disability determination); Paramore v. Delta Airlines, 129 F.3d 1446, 1452 n.5 (11th Cir. 1997).

[4]Compare Aetna Life Ins. Co. v. Character, No. 1020068, 2003 WL 21246563 (Ala. May 30, 2003).